Yazoo & Mississippi Valley Railroad Company *v.* Kern.

Opinion delivered June 19, 1911.

MASTER AND SERVANT—AUTHORITY TO EMPLOY—DUTY TOWARD VOLUNTEER.—
Where the undisputed evidence establishes that no one but the trainmaster had authority to employ an extra man in defendant's switching yards at a certain place, one who worked there under authority from the yardmaster is a mere volunteer, and the defendant owed him no duty save the negative one not to injure him after discovering his peril.

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; reversed.

*F. A. Montgomery,* for appellant; *Charles N. Burch,* of counsel.

A peremptory instruction should have been given to find for the appellants.

(a) The deceased at the time he was injured was not in the employ of the appellants, or either of them. He was a trespasser, or, at best, a mere licensee. The only duty appellants owed him, was the duty not to wantonly injure him after discovering his peril. Under the proof the yardmaster and station agent had no express nor implied authority to employ a switchman, except such implied authority where an emergency existed as a conductor would have under similar conditions to employ temporary help. 1 Elliott on Railroads, 408, § 302 and cases cited on pages 408 and 409; 3 So. 764; 56 Am. & Eng. Rd. Cas. (N. S.) 340, 122 N. W. 758; 25 L. R. A. 658; 8 So. 41; 53 Am. & Eng. Rd. Cas. (N. S.) 542, 545, 111 S. W. 344; 77 Ark. 576; 127 S. W. 715; 33 Cyc. 817, 818 and notes 16, 17, 18; 83 Ky. 119; 83 Ark. 300; 86 Ark. 306; 45 Ark. 246; 58 Ark. 318; 53 So. 389; 67 L. R. A. 701; 155 Mass. 472; 80 Cal. 640, 642, note; 21 Am. & Eng. Enc. of L. 471, *et seq.;* 48 Miss. 113; 4 Tex. Civ. App. 661; 25 So. 265; 131 S. W. (Ark.) 958; 132 S. W. (Ark.) 636.

(b)   If deceased had been a regular employee of appellants, his own contributory negligence in not seeing the car which struck him and in not discovering his peril in time to avoid it, he, as appears by the testimony, having had ample time to do so, would prevent a recovery.   Contributory negligence in any degree on his part defeats recovery.   33 Am. & Eng. Rd. Cas. (N. S.) 41; 58 *Id.* 56; *Id.* 792; 30 *Id.* 11; 48 *Id.* 1; 44 *Id.* 659; 44 *Id.* 606; 52 *Id.* 158; 56 *Id.* 530; 55 *Id.* 66.   Lack of vigilance or negligent failure to act constitutes contributory negligence as well as negligent action.   49 Am. & Eng. Rd. Cas. (N. S.) 387, 99 S. W. 362; 40 Am. & Eng. Rd. Cas. (N. S.) 334 (79 Pac. 679); 77 Ark. 566; 127 S. W. (Ark.) 715, 60 Am. & Eng. Rd. Cas. 51; 129 S. W. (Ark.) 541; 83 Ark. 300; 86 Ark. 306; 45 Ark. 246; 132 S. W. (Ark.) 636; 87 Ala. 708; 83 Ky. 119; 127 S. W. 960; 88 Ark. 524; 90 Ark. 278; 45 Ark. 246.

*P. R. Andrews, John I. Moore* and *J. M. Vineyard,* for appellee.

1.   Deceased was an employee of appellants at the time of the accident.   In view of the situation of appellant's business in the city of Helena, that the trainmaster and division superintendent were absent from the State and far removed from the business of the appellant in this State, that in their absence from the State the agent of appellant, jointly with the yardmaster, was in complete control of appellant's business at Helena, that they had the authority, when in their judgment it was necessary (and they were the exclusive judges of the existence of the emergency or necessity), to employ such persons as they deemed necessary to promptly discharge the business of appellant in the yards in Helena; and since the proof shows that the agent at all times left the management of appellant's business outside of the office and in the yards exclusively in the hands of the yardmaster, the latter had authority to employ deceased as he did, and appellant was bound thereby.   58 Ark. 318.

2.   Whether or not Pinkston was guilty of contributory negligence was a question of fact for the jury to determine from the conflicting testimony, under proper instructions of the court, 92 Ark. 554; 87 Ark. 443.   The admission of the trainmaster that brakemen habitually rode on the sides of cars in his presence, and the further proof that the yardmaster from whom the

brakemen received orders also rode on the sides of cars, brings this case within the rule announced in 77 Ark. 405. The jury's verdict on this disputed question is final.

McCULLOCH, C. J. Plaintiff's intestate, Richard Pinkston, was knocked from the side-ladder of a coal car and killed in the yards of defendant railroad company at Helena, Arkansas. He was working as switchman at the time, and his death was caused by his body striking another car on a sidetrack near the track on which his train of cars was moving. This action was instituted in the circuit court of Phillips County to recover damages on account of the death of said Pinkston, negligence of servants of said defendant being charged in leaving the car on the sidetrack too close to the switch to allow the free passage of cars on the other track. It was alleged in the complaint that Pinkston was employed by said defendant as one of the switching crew in the yards, and that he was performing his duties as such when the injury occurred. The Louisville, New Orleans and Texas Railroad Company, as owner and lessor of the railroad, was also joined as defendant. The plaintiff recovered damages below, and defendant appealed. The answer, among other defenses tendered, denied that Pinkston was employed by either of the defendants, or that he was performing services for either of the defendants when he was killed. The injury occurred on June 3, 1908. Pinkston had formerly been in the service of the Yazoo & Mississippi Valley Railroad Company as a member of the switching crew at Helena, but was discharged on May 15, 1908, in order to reduce the force on account of falling off in business during the summer months. The crew at Helena was ordinarily composed of three men in addition to the engineer and fireman— the yardmaster and two switchmen. The yardmaster was foreman of the crew. After Pinkston was discharged, he went to Memphis, and the trainmaster offered him employment there as extra flagman, which he declined. He returned to Helena, and the evidence tends to show that he worked again from time to time as switchman under the direction of the yardmaster, and was so working on the day of the injury. It is not shown, however, that any one having authority to employ him knew that he was again at work. The yardmaster had authority to temporarily employ a switchman in the place of a regularly employed one who became

sick or otherwise incapacitated for work, but not to increase the regular force or to employ an extra man. The trainmaster alone had authority to employ men in that service. This is the undisputed evidence on that point. He employed Pinkston and discharged him. The position of yardmaster with respect to the employment of men under his control is the same as that of conductor of a train. His crew is made up by another who is superior in authority, and who employs the men to work under him. His implied authority can be exercised only where an emergency arises that makes it necessary to temporarily employ help in order to carry on the work in hand during the existence of the emergency or until the superior officer or agent can act. *St. Louis, I. M. & S. Ry. Co.* v. *Jones,* 96 Ark. 558. It can not be contended, under the circumstances of this case, as disclosed by the undisputed evidence, that any emergency existed which called for the employment of an extra man. Pinkston had just been discharged by the trainmaster in order to reduce the force, but he was soon afterwards put to work again or allowed to work by the yardmaster without the knowledge of the trainmaster. He was not put back on the pay roll, and made no claim for wages, as far as shown by the evidence in the record. For all that appears in the evidence, he was simply working for the yardmaster several days before he was injured. No explanation is given why he did this, but there is evidence to the effect that he did work from time to time under the direction of the yardmaster. The company had the right to determine, through its officers, what person should be taken into its service, and what particular agent should be clothed with authority to enter into contracts for service to be performed. It is clear from the undisputed evidence in this case that no one but the trainmaster had express authority to employ men in that branch of the service, and there is no evidence which justifies the conclusion that the yardmaster had implied authority to employ Pinkston under the circumstances.

Stress is laid on the fact that, according to the testimony, the station agent at Helena had charge of the company's business at that place, from which apparent authority can be implied to employ men to work in the company's service. The undisputed testimony shows, however, that the agent exercised no control

over the switching crew, and that the sole authority to employ and discharge. them was vested in the trainmaster. The station agent had neither express nor implied authority to employ them, and to do so was not in the apparent scope of his authority. It follows that, since Pinkston was a mere volunteer, the defendant owed him no duty save the negative one not to injure him after discovering his peril. *Railroad Company* v. *Dial,* 58 Ark. 318; *St. Louis, I. M. & S. Ry. Co.* v. *Jones, supra.*

It is also insisted that, according to the undisputed evidence, Pinkston was guilty of contributory negligence which bars recovery of damages; but, as the case is to be reversed on the grounds above stated, we need not pass on other questions argued.

The facts of the case were fully developed in the trial, and no useful purpose would be served in remanding the case for a new trial. The judgment is therefore reversed, and the cause dismissed.

HART and FRAUENTHAL, JJ., dissent.

### OPINION ON REHEARING.

PER CURIAM : It being now made to appear that other proof can be adduced by the plaintiff tending to establish authority of the yardmaster to employ Pinkston, the case will be remanded for a new trial. To that extent the former judgment of the court will be modified, but in other respects the petition for rehearing will be denied. It is so ordered.